IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL ACTION |
| v. : | |
| : | No. 12-616-09 |
| ANTWAUN EVANS : | |
| : | |

**MEMORANDUM**

PRATTER, J.                                                                                          OCTOBER 29, 2020

Antwaun Evans, currently serving a 132-month sentence, seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in light of the United States Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019) and what he perceives as a sentencing error. (Doc. No. 737.) Mr. Evans also seeks the appointment of counsel.[1] (Doc. No. 745.)

In 2013 Mr. Evans was charged in a second superseding indictment with conspiracy to distribute five kilograms or more of cocaine and marijuana, in violation of 21 U.S.C. § 846 (Count 5); one count of possession of more than 500 grams of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) (Count 6); one count of possession of a firearm or ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count 7); and one count of money laundering, in violation of 18 U.S.C. § 1956(h) (Count 8).

In April 2015 Mr. Evans pled guilty to all four charges pursuant to a plea agreement. (Doc. No. 547.) In exchange, the government agreed to withdraw its notice to seek an enhanced statutory penalty pursuant to 21 U.S.C. § 851 which was based on Mr. Evans's prior state felony drug conviction.

---

[1]     While Mr. Evans seeks the appointment of counsel pursuant to 28 U.S.C. § 1915(d), the Court notes that the statutory provision for appointment of counsel has been recodified from 28 U.S.C. § 1915(d) to § 1915(e)(1). *See Brightwell v. Lehman*, 637 F.3d 187, 191 n.5 (3d Cir. 2011).

1

In December 2015 this Court sentenced Mr. Evans to a total of 132 months' imprisonment, composed of 132 months for the possession with intent to distribute count and 120 months for the remaining counts, with all sentences to run concurrently. (Doc. No. 634.) In June 2020, Mr. Evans, acting *pro se*, filed his § 2255 motion to vacate (Doc. No. 737) and three months later moved for the appointment of counsel. (Doc. No. 745.)

For the reasons discussed below, the Court will deny both Mr. Evans's motion to vacate his sentence and his motion for the appointment of counsel.

## I. JURISDICTION AND STANDARD OF REVIEW

The Court has jurisdiction under 28 U.S.C. § 1331. Venue is proper under 28 U.S.C. § 1391(b)(2).

A prisoner in federal custody may move to vacate, set aside, or correct his sentence on the basis that the sentence violated the Constitution or laws of the United States, or that the court which imposed the sentence lacked jurisdiction. 28 U.S.C. § 2255(a). "The court is to construe a prisoner's *pro se* pleading liberally." *United States v. Sotomayor*, 146 F. Supp. 3d 667, 668 (E.D. Pa. 2015) (citation omitted). While indigent civil litigants have no constitutional or statutory right to appointed counsel, a district court has the authority to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).

## II. ANALYSIS

Mr. Evans's § 2255 motion states two grounds on which he seeks to vacate his sentence. The first is alleged relief by way of the United States Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). The second is his argument that he was "sentenced to more time on the lesser offense" because he received a 132-month sentence for Count 6 and a 120-month sentence for the other counts. Regarding his motion for appointment of counsel, Mr. Evans argues

2

that his *pro se* status puts him at a "great disadvantage to argue his case" and "he is actually innocent." (Doc. No. 745.) The Court will analyze each in turn.

## A. Motion to Vacate under § 2255

Mr. Evans seeks to vacate, set aside, or correct his sentence because of the Supreme Court decision in *Rehaif* and what he claims was an issue with his sentencing that he only "just recently discovered" and "felt it was a good time to raise" it. (Doc. No. 737.)

### 1. Relief under *Rehaif*

A defendant may seek relief under § 2255 if a subsequent court decision makes clear that the "conviction and punishment were for an act that the law does not make criminal." *Davis v. United States*, 417 U.S. 333, 346 (1974). In *Rehaif v. United States*, the Supreme Court held that in a prosecution under 18 U.S.C. § 922(g), "the Government must prove both that the defendant knew he possessed a firearm and that he knew that he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. 2191, 2200 (2019).

Based on his motion, it appears that Mr. Evans is arguing that he is entitled to relief under *Rehaif* because he was charged under § 922(g) for possession of ammunition, not a weapon.[2] (Doc. No. 737.) However, ignorance of the law does excuse a violation of the law. *See United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019) ("*Rehaif* did not graft onto § 922(g) an ignorance-of-the-law defense by which every defendant could escape conviction if he was unaware of this provision of the United States Code."). In his later-filed motion for appointment of counsel, Mr. Evans states that he pled guilty to the § 922(g) count believing that he was only pleading guilty to possession of ammunition. (Doc. No. 745.) But this misses the point given that § 922(g)(1)

---

[2] In his motion for appointment of counsel, Mr. Evans asserts "that he is actually innocent of [a] violation of 922(g)(1) because he did not know that his felony status made possession of am[m]unition ill[egal] as a[n] actual violation of 922(g)(1)." (Doc. No. 745.)

3

makes it unlawful for any person convicted of a felony to be in possession of any firearm *or ammunition*. That he now claims that he was only pleading guilty to possession of ammunition is of no consequence because possession of ammunition by a felon is one of the crimes Mr. Evans was charged with and one of the crimes that he agreed to plead guilty to in his plea agreement.

Even in light of *Rehaif*'s requirement that the government prove that a defendant knew his status as a felon made the possession of a firearm or ammunition illegal under § 922(g)(1), Mr. Evans is still not entitled to relief. Construing Mr. Evans's pleading liberally, the Court assumes that the "relief under *Rehaif*" that Mr. Evans seeks is based on the notion that he was somehow unaware that he was a felon and thus unaware that his possession of ammunition violated § 922(g)(1). However, because Mr. Evans failed to previously raise this claim at trial or on direct appeal, and arguably has not even raised it here,[3] he has procedurally defaulted this claim and may only raise it here if he can "first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998) (quoting *Murray v. Carrier*, 477 U.S. 478, 484 (1986)).

Mr. Evans cannot demonstrate cause. While *Rehaif*'s prevailing argument as to knowledge of status had been denied in earlier courts of appeals decisions, a claim of "futility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time,'" unless the claim was so novel that its legal basis was not "reasonably available to counsel." *Id.* at 622-23 (citations omitted). Mr. Evans's claim is not a novel one because the question presented in *Rehaif* has appeared in a countless number of courts of appeals decisions over the years, some of which are noted by the Eleventh Circuit Court of Appeals in its *Rehaif* opinion, which was later reversed by the Supreme Court. *See United States v. Rehaif*, 888 F.3d 1138, 1145

---

[3] Mr. Evans does not state, argue, or otherwise suggest, in either of his motions, that he was unaware of his status as a felon. However, even if he had, this argument would fail.

4

n.3 (11th Cir. 2018) (collecting cases). Mr. Evans cannot show cause because he does not present a novel claim. Additionally, had Mr. Evans raised a claim for ineffective assistance of counsel, this also would not have demonstrated cause. As the Third Circuit Court of Appeals has noted, an attorney's performance is not deficient, and thus does not excuse a procedural default, where they have "fail[ed] to predict a change in the law." *United States v. Doe*, 810 F.3d 132, 154 (3d Cir. 2015).

Absent cause, the only way Mr. Evans can avoid procedural default and have his § 2255 claim considered on the merits is to make a threshold showing of "actual innocence." *Bousley*, 523 U.S. at 622. Actual innocence requires a defendant to show that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623-24 (citation omitted). While *Rehaif* requires the government to prove that a defendant knew of his felon status, it does not require proof that a defendant knew his possession of a firearm or ammunition was illegal. *See United States v. Maez*, 960 F.3d 949, 955 (7th Cir. 2020) ("*Rehaif*'s discussion of 'the well-known maxim that "ignorance of the law" (or a "mistake of law") is no excuse' makes doubly clear that § 922(g) requires knowledge only of status, not knowledge of the § 922(g) prohibition itself.").

Here, the question as to actual innocence is whether Mr. Evans knew at the time he possessed the ammunition that he had previously been convicted of a felony. Mr. Evans must show that it is more likely than not, after considering all available evidence, that no reasonable juror would have found that he knew of his status as a felon. However, the available evidence plainly prevents Mr. Evans from making such a showing. As stated in the Presentence Report, on September 5, 2006, Mr. Evans pled guilty in the Philadelphia Court of Common Pleas to

5

possession with intent to distribute a controlled substance and was sentenced to 30 to 60 months' imprisonment. PSR ¶ 74. Mr. Evans served more than one year in prison for this offense before he was paroled on October 16, 2007. Thus, Mr. Evans was certainly likely and completely aware that he was previously convicted of a crime punishable by more than one year in prison because he actually served more than one year in prison.[4] Finally, Mr. Evans's guilty plea agreement noted that, at the time of sentencing, the government would withdraw its notice of intent to seek enhanced penalties under 21 U.S.C. § 851, the basis of which was Mr. Evans's prior state felony drug conviction. (Doc. No. 547.) Mr. Evans fails to show that no reasonable juror would have found that he was aware of his status as a felon. *See United States v. Miller*, 954 F.3d 551, 560 (2d Cir. 2020) (noting that a defendant's prior ten year imprisonment, with execution suspended after three years, "remove[d] any doubt that [he] was aware of his membership in § 922(g)(1)'s class").

For the reasons discussed above, Mr. Evans's § 2255 motion to vacate his sentence based upon the Supreme Court's decision in *Rehaif* is denied.

## 2. Alleged Sentencing Issue

Mr. Evans's second argument for vacating his sentence under § 2255 is that he "recently discovered" that he was sentenced to a higher term (132 months) on the "lesser" possession with intent to distribute count (Count 5), but that he was sentenced to only 120 months on the conspiracy to distribute count (Count 6). (Doc. No. 737.) However, Mr. Evans cannot pursue this claim at this time because it is unrelated to *Rehaif* and his attempt to challenge his sentence on this ground is untimely and procedurally barred,[5] despite Mr. Evans's contention that he felt five years after

---

[4] *See United States v. Bryant*, No. 18-3569, 2020 WL 5666538, at *7 (2d Cir. Sept. 24, 2020) (noting that "defendants who went to prison for over one year would obviously be aware that the crime was punishable by more than one year in jail (and are not likely to have forgotten)").

[5] *See* 28 U.S.C. § 2255 (f) ("A 1-year period of limitation shall apply to a motion under this section.").

6

pleading guilty "was a good time to raise" this issue as well as his *Rehaif* claim. In addition to being untimely, this Court also notes that such a claim has no merit because the distribution count was not a lesser included offense of the conspiracy count but rather a separate offense. Lastly, Mr. Evans's below-range sentence of 132 months was the result of a negotiated plea agreement whereby he agreed that this was the appropriate sentence. Thus, the Court will deny Mr. Evans's motion to vacate his sentence under this ground as well.[6]

### B. Motion for Appointment of Counsel under § 1915(e)(1)

Three months after filing his motion to vacate under § 2255, Mr. Evans moved for appointment of counsel. (Doc. No. 745.) Under 28 U.S.C. § 1915(e)(1), a district court may request appointed counsel for indigent civil litigants. "As a threshold matter, a district court must assess whether the claimant's case has some arguable merit in fact and law." *Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002). If a claimant overcomes this threshold hurdle, then a court must consider several factors identified by the Third Circuit, including:

1. the plaintiff's ability to present his or her own case;
2. the difficulty of the particular legal issues;
3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
4. the plaintiff's capacity to retain counsel on his or her own behalf;
5. the extent to which a case is likely to turn on credibility determinations, and;
6. whether the case will require testimony from expert witnesses.

*Id.* at 499 (citing *Tabron v. Grace*, 6 F.3d 147, 155-57 (3d Cir.1993)). Finding Mr. Evans's motion to vacate his sentence initially arguably has some merit, the Court will now analyze each *Tabron* factor.

---

[6] Taking into account both grounds that Mr. Evans put forth in his motion to vacate his sentence, because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief" for the reasons outlined above, no evidentiary hearing was scheduled. *See* 28 U.S.C. § 2255(b).

7

First, Mr. Evans has been able to present his own case. He filed his own § 2255 motion based on new Supreme Court precedent and did so within the requisite timeframe. Second, the legal issues involved here are relatively straightforward. Mr. Evans sought relief under *Rehaif* related to his sentence for violating § 922(g)(1), but the evidence showed that it was more likely than not that no reasonable juror would have found that he did not know he was a felon after spending over a year in prison and agreeing to a plea deal whereby the government chose not to seek an enhancement of penalties. Third, the Court is unaware of what factual investigation would be necessary in this instance and thus, this factor does not weigh in favor of appointment of counsel. Fourth, because the Court does not know whether Mr. Evans could retain counsel on his own behalf, given that he is currently incarcerated, the Court will assume that this factor weighs in his favor. As to the fifth and sixth factors, there is no indication that relief under *Rehaif* or Mr. Evans's mistaken allegation that his sentence was improperly determined, would be based on credibility determinations or that expert testimony would be required.

Because only one, if any, of the *Tabron* factors weighs in favor of appointment of counsel, the Court finds appointment of counsel inappropriate and will deny Mr. Evans's motion.

## III. CONCLUSION

For the reasons discussed, the Court will deny Mr. Evans's motion to vacate his sentence and his motion for the appointment of counsel. An appropriate order follows.[7]

BY THE COURT:

*/s/ Gene E.K. Pratter*

GENE E.K. PRATTER
United States District Judge

---

[7] When issuing a final order denying a § 2255 motion, the court must determine whether a certificate of appealability should issue. 28 U.S.C. § 2253(c)(2). Because the Court finds that Mr. Evans has not demonstrated a substantial denial of a constitutional right, a certificate will not issue.

8